By the COURT.
Duer, J.
The only question that we are required to consider is, whether the proof given by the plaintiff *461 ■upon the trial 'was sufficient to justify the submission of tbe case to tbe determination of tbe jury. If tbe complaint ought to baye been dismissed, we bare power to dismiss it now, and tbat power it will be our duty to exercise.
In order to meet tbe defence, tbat Newfielder bad obtained tbe note from tbe maker by fraud, tbe plaintiff was • bound to prove tbat it was delivered to bim for value, and before its maturity. Tbat it was passed into bis bands before its maturity was clearly proved, and altbougb tbe fact tbat be gave value for it was not conclusively proved, tbe proof was quite sufficient to sustain tbe verdict. Tbe Judge would certainly bave erred bad be withdrawn tbe question from tbe jury.
Proof was therefore given of all tbe facts tbat, in order to establish bis title and repel tbe defence of fraud, tbe plaintiff was bound to prove. It is a great mistake to suppose tbat be was bound to prove, in addition, tbat be bad no notice of tbe fraud. He was not bound to prove a negative. Tbe burden of proving facts sufficient to charge bim with notice rested on tbe defendant, and not a particle of evidence to justify tbe imputation was given.
We do not understand tbat tbe Judge gave a positive direction to tbe jury to find a verdict for tbe plaintiff.
Tbe questions of fact which it was their province to determine were properly submitted, and tbe verdict which they rendered must be regarded as adverse.
We cannot say tbat it is a verdict, without or against evidence, and tbe plaintiff is therefore entitled to judgment.